# United States District Court
### for the
### Western District of New York

FILED
AUG 19 2010
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

| | |
|---|---|
| United States of America | ) |
| v. | ) Case No. 10-MJ- 4133 |
| TERRY DICKINSON | ) |
| *Defendant* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of <u>June 15, 2010 to present</u> in the county of <u>Chemung</u> in the Western District of New York, the defendant violated <u>18</u> U.S.C. § <u>2252A(a)(2)(A) & (B)</u>, an offense described as follows:

the defendant knowingly distributed child pornography using a means or facility of interstate or foreign commerce, namely the internet, by any means, including by computer, all in violation of 18 U.S.C. § 2252A(a)(2)(A)&(B).

This criminal complaint is based on these facts:

X   Continued on the attached sheet.

Please see attached affidavit

*Complainant's signature*

David Geist, S/A FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 8/19/10

*Judge's signature*

City and State:  Rochester, New York

Hon. Marian W. Payson, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT

STATE OF NEW YORK     )
COUNTY OF MONROE  ) ss:
CITY OF ROCHESTER    )


David Geist, Special Agent (SA) of the Federal Bureau of Investigation (FBI), United States Department of Justice, Buffalo, New York, having been duly sworn, states as follows:

## I. INTRODUCTION

1. I am employed as a Special Agent (SA) with the Federal Bureau of Investigation (FBI) assigned to the Buffalo, New York, Division, Rochester Resident Agency. I have been a Special Agent of the FBI for approximately 1 year, and have been stationed at the Rochester office for 8 months.

2. I am currently assigned to investigate White Collar Criminal Matters, which includes public corruption, corporate fraud, mortgage fraud, mail fraud, wire fraud, and child exploitation crime. While employed by the FBI, I have received frequent training in the areas of fraud and white collar crime.

3. As set forth in greater detail below, I believe there is probable cause to believe that TERRY M. DICKINSON, of 21 Johnson Hollow Road, #17, Millport, New York, is responsible for multiple violations of 18 U.S.C. § 2252A(a)(2)(A)&(B), namely distribution of child pornography. This affidavit is based on my investigation, and on information provided to me by members of the law enforcement community. Because this affidavit is being submitted for the limited purpose of establishing probable cause to grant the petitioned complaint, I have not included each and every fact known to me concerning the investigation. Instead, I have set forth only the facts which I believe are necessary to establish probable cause to believe that DICKINSON has committed multiple violations of 18 U.S.C. § 2252A(a)(2)(A)&(B).

## II. INVESTIGATION

4. On June 15, 2010, SA Kenneth A. Jensen Jr. received an automated notification that IP address[1] 74.65.116.175 was being used to share suspected child pornography files via a Peer to Peer network[2]. SA Jensen then used a law enforcement tool to connect to IP address 74.65.116.175, and browse the list of files being offered to the Peer to Peer community by the IP address. All of the files being shared by the IP address were titled consistently with child pornography. SA Jensen then downloaded two files. Based on his training and experience, SA Jensen believes that one of the downloaded files meets the statutory definition of child pornography as defined in 18 U.S.C. § 2256. The file is a video of 2 minutes and 17 in seconds length which depicts a prepubescent male and female child attempting, and engaging in, vaginal intercourse. The file was titled "(pthc) little arab boy trying to fuck a girl (2010).avi."

5. On June 17, 2010, a subpoena was issued to Time Warner Cable requesting information regarding the user of the IP address at the time SA Jensen downloaded the above described file. In response, Time Warner provided the following information:

   | | |
   |---|---|
   | Name: | Terry Dickinson |
   | Address: | 21 Johnson Hollow Road., Apt. 17, Millport, NY 14864-9797 |
   | Phone: | (607) 739-2650 |

6. On June 18, 2010, SA Jensen again received an automated notification that IP address 74.65.116.175 was being used to share suspected child pornography files via a Peer to Peer network. SA Jensen then used a law enforcement tool to connect to IP address 74.65.116.175, and browse the list of files being offered to the Peer to Peer community by the IP address. All of the files being shared by the IP address were titled consistently with child pornography. Of note, all of the files in the list were new as compared to the list being shared on June 15, and none of the files listed on June 15 remained listed on June 18. SA Jensen then downloaded three files, all of which SA Jensen believes constitute child

---

[1] An IP address or Internet Protocol address is the numeric representation of an individual connection to the internet administered by an internet service provider. It functions similarly to the way a telephone number identifies a specific telephone connection.

[2] A Peer to Peer network allows individual internet users from around the world to interconnect and share electronic media in their possession.

pornography as defined in 18 U.S.C. § 2256. One of the downloaded files is a video file, 3 minutes and 52 seconds in length. The video depicts a nude female child, four to six years of age being sexually abused by an adult male. The male masturbates, and urinates, and performs oral sex on the child victim's vaginal area.

7. On June 23, 2010, a subpoena was issued to Time Warner Cable requesting information regarding the user of the IP address at the time SA Jensen downloaded the above described files. In response, Time Warner provided same subscriber information as that contained in paragraph 6.

8. On July 12, 2010, SA Jensen received an automated notification that IP address 67.241.224.112 was being used to share suspected child pornography files via a Peer to Peer network. SA Jensen then used a law enforcement tool to connect to IP address 67.241.224.112, and browse the list of files being offered to the Peer to Peer community by the IP address. All of the files being shared by the IP address were titled consistently with child pornography. The list of files being offered by the IP address changed throughout the time SA Jensen was connected to it. File titles appeared for download and then were removed from the list, while new files would be listed for download. Ten unique file titles appeared for download during the time SA Jensen was connected to the IP address. SA Jensen downloaded six files, four of which SA Jensen believes constitute child pornography as defined in 18 U.S.C. § 2256. One of the downloaded files is an image file depicting a nude prepubescent female child performing oral sex on a nude adult male.

9. On July 14, 2010, a subpoena was issued to Time Warner Cable requesting information regarding the user of the IP address at the time SA Jensen downloaded the above described files. In response, Time Warner provided same subscriber information as that contained in paragraph 6.

10. During the performance of the online undercover work described above, the program SA Jensen used recorded information about the computer being used to distribute the files that were downloaded. A part of that information is what is called the GUID, or the global unique identifier, which is a set of characters used to identify a particular computer connection to an internet application network. The peer to peer application Limewire uses the term Client ID to refer to the GUID that is used to identify a specific installation of the Limewire application on a specific computer. For all of the above described downloads, the associated GUID (or client id) was "C69A737B40E59C36EC4F4BB78D9B0800".

11. On August 18, 2010, a federally authorized search warrant was executed at 21 Johnson Hollow Road, #17, Millport, New York. Present at the time of execution was TERRY M. DICKINSON. DICKINSON was interviewed coincident with the execution of the search warrant. Subsequent to a signed Miranda waiver, DICKINSON provided that he was the only resident of the home, and had been so for the preceding fourteen years. DICKINSON stated that his son has recently stayed overnight a few times, but that his son primarily lives with his mother. DICKINSON stated that he (DICKINSON) had a desktop computer on the desk at the end of his bed and a laptop computer which was located near the foot of his bed. DICKINSON stated that he attempted to set up a wireless network, but was unsuccessful. DICKINSON was asked if he was involved with child pornography, which he denied.

12. Seized under the search warrant were a number of items, including a Compaq Presario desktop computer, model number: SR200, serial number: CNH6410GWJ which was located on the desk at the end of the bed in the residence. The exterior of the computer bears the statement "Product of China". On August 18, 2010, SA Jensen previewed the hard drive associated with that computer. The hard drive also bears the statement "Product of China". During the preview, SA Jensen located two video files, and one image file, in the "saved" folder, which is generated by the limewire application during a normal installation. I believe two of the files are consistent with the statutory definition of child pornography. Descriptions of those files follow:

| File title | Description |
|---|---|
| (pthc)4yo Girl And 5Yo Suck Look(((Kingpass)))-04;23 | The file is a video of 4 minutes and 24 seconds in length. The video appears to be a compilation of the sexual abuse of a number of prepubescent female children. One scene shows a nude adult male masturbating and ejaculating in the mouth of a prepubescent female child. |
| (pthc) Cp-Father fuck12yo girls-crying-!!!NEW_VHS_6 | The file is a video of 13 minutes and 1 second in length. The video opens with a nude pubescent female child in the shower. An adult male uses his hand to rub the vaginal and anal areas of the child. The child is next positioned on a bed with her legs spread and several close-ups of her vaginal area are seen. An adult male fondles her genitals while she performs oral sex on the male. The male then engages in vaginal intercourse with the child. Later in the video, the child can be seen crying. |

13. SA Jensen also discovered two video files in the limewire "incomplete" folder where files are typically stored by the limewire application during the download process and before that process is complete. Descriptions of those files follow:

| File title | Description |
|---|---|
| T-151218180-(pthc)4yo Girl And 5Yo Suck Look(((Kingpass)))-04;23 | This file appears to be another copy of the same video described above with the similar title. |
| T-205768708-pthc Mary 7Yo little Brazilian Girl do dad | The file is a video of 12 minutes and 28 second in length. The video depicts a nude prepubescent female child performing oral sex on an adult male. |

14. The peer to peer application limewire stores information regarding its operation in a file titled limewire.props. SA Jensen located the limewire.props file on the above described computer. Contained in that file was the entry CLIENT ID= C69A737B40E59C36EC4F4BB78D9B0800. This is identical to the GUID recorded during the aforementioned online undercover work. This means that the seized computer was responsible for the downloads obtained by SA Jensen, described above.

15. During the execution of the search warrant, a black notebook was discovered on a shelf above the computer desk described earlier herein. Inside of that notebook where a number of handwritten pages detailing sexual abuse of a number of children. The notes talk about a variety of sexual contacts with a number of minor victims, some of which have their ages recorded. None of the individuals named as victims in the stories have been positively identified to date, but investigation is continuing. The names of two of DICKINSON's children do appear in the stories as ancillary characters.

16. Based on the foregoing, I submit that probable cause exists to believe that TERRY M. DICKINSON, of 21 Johnson Hollow Road, #17, Millport, New York, is responsible for multiple violations of 18 U.S.C. § 2252A(a)(2)(A)&(B), namely distribution of child pornography.

## III. CONCLUSION

I therefore respectfully request that the attached complaint be issued, authorizing the arrest of TERRY M. DICKINSON, of 21 Johnson Hollow Road, #17, Millport, New York.

_____
DAVID GEIST
Special Agent
Federal Bureau of Investigation

Sworn to before me this
19th day of August, 2010.

_____
HONORABLE MARIAN W. PAYSON
United States Magistrate Judge