UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                Plaintiff,

        v.

TERRY M. DICKINSON,

                Defendant.
_____

REPORT & RECOMMENDATION

10-CR-6182CJS

## PRELIMINARY STATEMENT

By Order of Hon. Charles J. Siragusa, United States District Judge, dated September 10, 2010, all pretrial matters in the above-captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B).  (Docket # 7).

Defendant Terry M. Dickinson ("Dickinson") has been charged in a five-count indictment with distribution and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (a)(5)(B).  (Docket # 6).  Currently pending before the Court is Dickinson's motion to suppress a handwritten journal seized by federal agents during the execution of a search warrant for his residence.  (Docket ## 23 at ¶¶ 14-17; 32).  The government opposes the motion.  (Docket ## 25, 30).

For the reasons discussed below, I recommend that the district court deny Dickinson's motion to suppress the journal.

## FACTUAL BACKGROUND

On August 17, 2010, a search warrant was issued for Dickinson's home in Millport, New York. (Docket # 23, Ex. A). The warrant authorized the seizure of, among other items:

> Any and all documents, records, emails, and internet history (in documentary or electronic form) pertaining to the possession, receipt or distribution of child pornography or visual depictions of minors engaged in sexually explicit conduct, as defined in [18 U.S.C. § 2256] or pertaining to an interest in child pornography whether transmitted or received.

(*Id*.).

The search warrant was executed on August 18, 2010. (Docket # 23, Ex. 3). During the execution, federal agents seized a handwritten journal from a shelf above Dickinson's computer. (Docket # 30 at 2; Ex. 1). In opposition to Dickinson's motion, the government has submitted a photograph taken of the journal before it was seized. (Docket # 30, Ex. 2). The photograph depicts the closed journal in a wire rack among keys, boxes of envelopes, pens and pencils, compact disks, three-ring binders and spiral notebooks. (*Id*.). The government also has provided another photograph that shows the journal with its cover open which the government represents was taken during the search of the home. (Docket # 30, Ex. 3). One of the handwritten pages visible in the photograph describes an encounter with a seven-year-old girl:

> I went behind the shed. She took my hands [and] started jumping. She jumped [and] jumped until her pants [and] underpants were on the ground. . . . She turned around, spread the cheeks of her ass and asked if I liked her but [sic].

(*Id*.). Other sections of the journal not visible in the photograph discuss videotaping sexual acts with minors. (Docket # 25, Exs. 1, 2).

**DISCUSSION**

Dickinson has moved to suppress the journal on the grounds that its seizure was not authorized by the warrant. (Docket # 23).[1] In a supplemental submission, Dickinson contends that the seizure of the journal was improper because "there is no indication in the record that the notebook was reviewed by the agents at the time of the execution of the search warrant." (Docket # 32). Thus, Dickinson has requested that this Court conduct a hearing "requiring the government to establish whether and how the investigator properly determined the notebook" was within the scope of the search warrant. (*Id.*). The government opposes a hearing.

I turn first to whether the warrant itself was sufficiently particular to satisfy the requirements of the Fourth Amendment. "A warrant is sufficiently particular if it 'enable[s] the executing officer to ascertain and identify with reasonable certainty those items that *the magistrate* has authorized him to seize.'" *In re Application of Madison*, 687 F. Supp. 2d 103, 112 (E.D.N.Y. 2009) (emphasis in original) (quoting *United States v. George*, 975 F.2d 72, 75 (2d Cir. 1992)). The Second Circuit has held that warrants describing a category of seizable papers and including "an illustrative list of seizable items" are sufficiently particular for Fourth Amendment purposes, even if the executing agents "must exercise some minimal judgment as to whether a particular document falls within the described category." *United States v. Riley*, 906 F.2d 841, 845 (2d Cir. 1990). *See United States v. Longo*, 70 F. Supp. 2d 225, 250 (W.D.N.Y. 1999) ("the particularity requirement is not so exacting as to eliminate all discretion of the executing officers").

---

[1] Although Dickinson concedes that his research did not uncover any authority to support this contention (Docket # 32), I address the argument below because he has not expressly withdrawn it.

Here, Attachment B authorized the seizure of "[a]ny and all documents, records, emails, and internet history" relating to the possession, receipt or distribution of or interest in child pornography. This describes a category of documents – documents pertaining to the possession, receipt or distribution of child pornography or pertaining to an interest in child pornography – and includes an illustrative list – emails and internet history. Judged under *Riley*, the challenged warrant was sufficiently particular to satisfy the Fourth Amendment. I further find that the journal, which contains handwritten pages of text discussing videotaping sexual acts with minors, plainly falls within the scope of the quoted provision of the warrant.

Dickinson nonetheless argues that an evidentiary hearing is necessary in order for this Court to determine whether, before seizing it, the investigator reasonably concluded that the journal was within the scope of the warrant. Dickinson maintains that the record contains no evidence that the executing agents reviewed the journal prior to seizing it and that, even if they had, the handwriting is nearly illegible.

An evidentiary hearing is required where a defendant demonstrates a "sufficient definite, specific, detailed, and nonconjectural" issue of fact. *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992); *United States v. Richardson*, 2010 WL 5553995, *1 (W.D.N.Y. 2010) ("[i]n order to warrant a suppression hearing, the defendant must demonstrate a specific factual dispute that can be resolved by a hearing"; collecting cases), *report and recommendation adopted*, 2011 WL 53476 (W.D.N.Y. 2011). In the absence of a demonstrated issue of fact, "there is no basis for holding an evidentiary hearing or suppressing the evidence." *United States v. Ahmad*, 992 F. Supp. 682, 685 (S.D.N.Y. 1998); *see also United States v. Richardson*, 2010 WL 5553995 at *1 (recommending that the district court deny motion to suppress where no issue

of fact existed). I am aware of no authority, and Dickinson has cited none, requiring a hearing to explore the extent of a seizing agent's knowledge of the contents of a writing at the time of its seizure. In my estimation, the fact that the diary plainly falls within the scope of the warrant should end the inquiry.

        In any event, Dickinson has not adduced any facts to suggest that the executing agents seized evidence from Dickinson's home without regard to the terms of the warrant. Contrary to Dickinson's characterization, the journal's handwriting is not illegible. Moreover, the photograph demonstrates that the journal was opened during the search; the page that was visible describes the narrator watching a seven-year-old girl removing her pants and underwear and revealing her buttocks. Under these circumstances, this Court finds that Dickinson has raised no specific, nonconjectural issue of fact warranting a hearing.

## **CONCLUSION**

        For the reasons set forth above, I recommend that the district court deny Dickinson's motion to suppress the notebook. (Docket # 23).

                                                  *s/Marian W. Payson*
                                                  MARIAN W. PAYSON
                                               United States Magistrate Judge

Dated: Rochester, New York
       October   31  , 2011

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York.[2]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2(a)(3) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

                                               *s/Marian W. Payson*
                                                 MARIAN W. PAYSON
                                            United States Magistrate Judge

Dated: Rochester, New York
       October   31  , 2011

---

[2] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).