UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | 10-CR-6182-CJS |
| v. | DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS *IN LIMINE* APPLICATION TO PRECLUDE EVIDENCE |
| TERRY DICKINSON, | |
| Defendant. | |

## 1. INTRODUCTION

The defendant moves to preclude the government from offering the following evidence at the defendant's trial:

(1) testimony from an adult relative of the defendant that she discovered a videotape depicting the defendant sexually abusing her (the tape was allegedly destroyed by this witness) which triggered memories of sexual abuse by the defendant while the witness was in first or second grade;

(2) a notebook including its contents that detail sexual interactions with many children including "Chantel" (age 6) and "Andrea" (age 10) who will be called to testify that they were the individuals identified in the notebook.  Moreover, it is believed these witnesses (now adults) will testify they were sexually abused by the defendant; and

(3) testimony from a child (identified as "Ivy's grandson") that the defendant touched the child inappropriately.

The defendant opposes the introduction of such evidence as violative of the presumption of innocence, improper burden shifting, and inadmissible under the Federal Rules of Evidence.

## 2. INTRODUCTION OF THE NOTICED EVIDENCE UNDER FEDERAL RULE OF EVIDENCE 414 OR 404(b) IS UNCONSTITUTIONAL AS IT VIOLATES THE PRESUMPTION OF INNOCENCE AND RESULTS IN THE IMPERMISSIBLE SHIFTING OF THE BURDEN OF PROOF TO THE DEFENDANT

Traditionally, the prosecution was precluded from offering evidence of other misconduct to prove the defendant conducted himself in such a manner on the date in question for which he was being tried.  The Supreme Court recognized that a prohibition on such evidence derived from the defendant's constitutional right to a fair trial.

> The inquiry is not rejected because character is irrelevant; on the contrary, it is said to weigh too much with the jury and to so overpersuade them as to prejudge one with a bad general record and **deny him a fair opportunity to defend against a particular charge** (emphasis added).

*Michelson v. United States*, 335 U.S. 469, 475-476 (1948).

Professor Edward J. Imwinkelried cautioned against the admission of such evidence.

> The defendant already stands accused of one crime. The prosecution now proposes to introduce evidence of an uncharged misdeed on the theory that that evidence will somehow tend to prove the charged crime. Although the evidence may be relevant in a criminal case, such evidence is excluded not because it has no appreciable probative value, but because it has too much. The evidence is logically relevant but is excluded because of the probative danger the jury may attach undue weight to it (internal citations by footnote omitted).

*Edward J. Imwinkelried*, Courtroom Criminal Evidence, Fifth Edition, Chapter 9, page 9-1 (2011).

Another scholar recognized the need for a prohibition against the introduction of uncharged misconduct evidence. Otherwise, the admission of such evidence weakens the constitutionally mandated presumption of innocence.

> Research has demonstrated that admission of a defendant's prior bad acts significantly increases the chances that a jury will find liability or guilt. One well-known study conducted at the University of Chicago Law School concluded that the introduction of such evidence threatens the presumption of innocence usually accorded the accused in a criminal trial [citing to Kalven & Zeisel, The American Jury 160-161, 178-179 (1966)].

AO 72A
(Rev. 8/82)

Jeffrey G. Pickett, *The Presumption of Innocence Imperiled: The New Federal Rules of Evidence 413-415 and The Use of Other Sexual-Offense Evidence in Washington*, 70 Wash. L. Rev. 883, 887 (1995).

Here, the government seeks to offer evidence that will unlawfully restrict the defendant from exercising his right to a fair trial.  Should this Court permit the introduction of such evidence, this will deny the defendant "a fair opportunity to defend against" the instant charges.  The admission of such evidence would require the defendant to defend multiple allegations in a single trial.  *First*, he must defend those counts contained in the Indictment.  *Second*, he must defend those claims by his daughter and other women that sometime in the past 15-20 years(?) he sexually molested them.  *Third*, he must defend writings in a notebook that reference sexual acts with children.  *Fourth*, he must defend claims that he touched "Ivy's grandson" inappropriately even though he told the FBI and other potential witnesses he did not engage in such conduct.

Therefore, the defendant requests this Court preclude the introduction of the evidence contained in the government's notice.  The introduction of the evidence will violate the presumption of innocence and result in the impermissible shifting of the burden of proof from the government to the defendant.

### 3. INTRODUCTION OF THE NOTICED EVIDENCE IS NOT PROPER UNDER FEDERAL RULE OF EVIDENCE 404(b) AND/OR 414 AS THE PROBATIVE VALUE OF THE EVIDENCE IS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE

In *United States v. Larson*, 112 F.3d 600 (2d Cir. 1997), the panel cited with approval the need to apply the FED.R.EVID. 403 balancing test prior to permitting the introduction of uncharged sexual molestation evidence. In *Larson*, the defendant was accused of transporting a minor with intent to engage in criminal sexual conduct. Though the panel concluded there was no abuse of discretion by the trial judge in admitting the uncharged conduct, the district court was presented with unique facts that are not present in the instant matter.

Here, unlike in *Larson*, the defendant is not charged with events closely parallel to the events the government wishes to offer in evidence at trial. Nor is there any claim that the defendant used the same enticements in the past or in the current trial. Lastly, the instant indictment charges the defendant with distribution, receipt and possession of child pornography not transportation of a minor with intent to engage in criminal sexual conduct.

In *United States v. Brand*, 467 F.3d 179 (2d Cir. 2006), the defendant was convicted of traveling in interstate commerce for purpose of engaging in illicit sexual conduct and enticing a minor to engage in illicit sexual activity. The panel concluded the admission of child pornography found on the defendant's computer was relevant

5

in determining whether the defendant intended to engage in illicit sexual activity with a minor.  The Court found the presence of child pornography on the defendant's computer suggested an abnormal sexual attraction to a young girl.  Thus, the district court did not abuse its discretion when admitting the uncharged conduct to show intent in attempting to entice a minor.

The panel in *Brand*, restated the four pronged test set out in *Huddleston v. United States,* 485 U.S. 681 (1988).  This inquiry requires the district court to consider the following factors.  *First*, was the prior act evidence offered for a proper purpose.  *Second*, was the evidence relevant to a disputed issue.  *Third*, did the probative value of the prior act evidence substantially outweigh the danger of unfair prejudice.  *Fourth*, did the court properly administer an appropriate limiting instruction.  467 F.3d at 198 (citing to *Huddleston*).

Assuming this Court finds the evidence is offered for a proper purpose, the evidence is relevant and a limiting instruction is appropriate, the analysis still requires a finding that the probative value of the prior act evidence substantially outweighs the danger of unfair prejudice.  Here, the noticed evidence proposed by the government cannot meet this requirement.

The government's attempt to offer similar evidence of uncharged sexual abuse or other similar evidence in child pornography prosecutions was rejected in the following opinions.

6

In *United States v. Bunty,* 617 F.Supp.2d 359 (E.D.P.A. 2008), the defendant was charged with possession and transportation of child pornography. The government sought to offer testimony pursuant to FED.R.EVID. 414 and 404(b) that the defendant had sexually abused one of his sons over a period of nine years from age 5 or 6 to 14 or 15. The government was prepared to elicit testimony the abuse occurred three or four times a week. The alleged prior sex acts occurred between 23 and 33 years earlier. Additionally, the government planned to offer testimony that the defendant sexually abused his nine year old granddaughter.

The government argued that the testimony of these alleged victims would establish the defendant committed the prior sex acts and such evidence was highly probative. The government contended this evidence would demonstrate the defendant had a propensity to commit sexual crimes against prepubescent children.

The district court rejected the government's argument and prohibited the introduction of such evidence in the government's case in chief. The trial court found the government's claim that such evidence was similar to the charged offense because it demonstrated the defendant had an interest in prepubescent children was inherent in all FED.R.EVID. 414 evidence. But the judge rejected the introduction of the prior acts. The court found the specific charged conduct (possession and transportation of child pornography) did not involve sexual contact with children. The length of time between the alleged prior acts and the charged conduct reduced the probative value while increasing the prejudice to the defendant if admitted.

7

Another concern for the district court was the prior acts involved the defendant's own family members.

The trial judge considered the stigma of child sexual abuse.

> (t)he Court cannot ignore the separate and equally serious stigma associated with incest or the possibility that a jury might hear such allegations and decide to convict defendant of completely unrelated offenses solely on the basis of that stigma.

*Id*. at 367.

In the instant case, the government makes similar arguments to this Court. The government contends the testimony of the defendant's daughter involves the same conduct in the instant case and the prior sexual abuse of children shows his sexual interest in children which is consistent with his distribution, receipt and possession of child pornography.  Here, it is expected the government will seek to elicit testimony from the defendant's daughter about incest.  The serious possibility that the jury would convict the defendant of completely unrelated offenses is equally present in the defendant's case.  These reasons offered by the government to admit such testimony were similarly rejected in *Bundy*, and should be likewise rejected by this Court.

In *United States v. Grimes,* 244 F.3d 375 (5th Cir. 2001), the panel reversed the defendant's conviction after trial for possession of child pornography.  The district court admitted into evidence stories found on the computer involving the sexual

abuse of prepubescent children. The stories were graphic and violent involving two, 11 year old girls, and a 10 year old girl being sexually abused and tortured by an older man. Though the evidence was found to be highly relevant and probative as to the defendant's knowing possession of child pornography, the introduction of the stories was "exceedingly prejudicial, because of its inflammatory nature." *Id.* at 384.

Here, the government seeks to introduce evidence of sexual stories involving children found in a notebook recovered during the execution of the first search warrant. The same reasons that made the stories in *Grimes* exceedingly prejudicial and required a new trial are likewise present in the instant prosecution. The notebook is replete with stories of sexual activity with minors. There is no belief that the government will attempt to prove that the prior sexual abuse actually occurred as specifically set out in the notebook. (Though the government may claim the witnesses, Chantel and Andrea, will testify to sexual abuse against them by the defendant, there is no indication the testimony will attempt to prove the truthfulness of the notebook entries.) Again, the probative value is substantially outweighed by the danger of unfair prejudice.

In *United States v. Stout*, 509 F.3d 796 (6th Cir. 2007), the panel rejected the government's appeal and affirmed the district court's ruling precluding prior bad act evidence. The defendant was charged with the receipt and possession of child pornography. The government sought to offer evidence that the defendant pleaded guilty in state court to surreptitiously videotaping a 14 year old girl while she

9

Case 6:10-cr-06182-EAW-MWP   Document 89   Filed 04/21/14   Page 10 of 13

showered. The government claimed the introduction of such evidence was necessary to demonstrate the defendant's knowledge and intent to receive and possess child pornography.

The appellate court affirmed the district court's conclusion that the unfair prejudice substantially outweighed the probative value. The panel set out the district court judge's analysis:

> (t)he prior bad acts evidence is potentially prejudicial because it is both inflammatory and distracting. It is more lurid and frankly more interesting than the evidence surrounding the actual charges. Any jury will be more alarmed and disgusted by the prior acts than the actual charged conduct. As a consequence, the jury is likely to pay undue attention to it ... [T]here is a strong possibility that the jury will be improperly distracted from the primary evidence at hand.

*Id.* at 801

Again, the government wants to introduce prior bad act evidence in the instant matter. The same reasons cited by the district court judge in *Stout*, are equally applicable here. The prior conduct was "frankly, creepier than the charged conduct." *Id.* at 803. When this Court considers the admission of the prior sex abuse testimony, the entries in the notebook or the alleged inappropriate touching of the neighbor's grandson, the result is the same. The probative value is substantially outweighed by the danger of unfair prejudice.

10

AO 72A
(Rev. 8/82)

Another Circuit Court of Appeals excluded similar prior act evidence in a prosecution not involving the distribution, receipt, or possession of child pornography. In *United States v. Fawbush,* 634 F.3d 420 (8th Cir. 2011), the panel reversed the defendant's convictions for aggravated sexual abuse of two children, ages 3 and 4. The district court permitted the government to offer evidence pursuant to FED.R.EVID. 404(b). This evidence consisted of prior sexual abuse by the defendant. Specifically, the defendant's two adult daughters testified that the defendant had sexually abused them as children and one of the daughters was impregnated by the defendant. The pregnancy occurred nine years before the defendant's trial. The appellate court concluded that the testimony that the defendant fathered a child with his 15 year old daughter was "so inflammatory on its facts to divert the jury's attention from the material issues in the trial." *Id.* at 423.

Again, the government plans to offer testimony that the defendant sexually abused his daughter. Though there was no claimed pregnancy as in *Fawbush,* the potential testimony would likely distract the jurors from the material issues in this trial. That same substantial prejudice exists in the instant case.

### 4. CONCLUSION

The government proposes to offer a substantial amount of highly prejudicial testimonial and documentary evidence against the defendant that is only tangentially related to the charges he faces and that would undoubtedly paint him as a deviant

11

and sexual predator in the eyes of the jury. This evidence is highly inflammatory, has minimal probative value, is unduly prejudicial to the defendant and should be excluded. Thus, this Court should enter an order denying the government's attempt to offer any or all of the noticed evidence under FED.R.EVID. 414 or 404(b).

Dated:      April 21, 2014
            Rochester, New York

                                        Respectfully submitted,


                                        /s/Mark D. Hosken
                                        Mark D. Hosken
                                        Supervisory Assistant Federal Public Defender
                                        Federal Public Defender's Office
                                        28 E. Main Street, Suite 400
                                        Rochester, New York 14614
                                        585-263-6201
                                        Mark_Hosken@fd.org
                                        Attorney for Terry Dickinson

TO:   Tiffany Lee, AUSA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    v.                                                      10-CR-6182-CJS

TERRY DICKINSON,

        **Defendant.**

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2014, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

1. Tiffany Lee, AUSA – tiffany.lee@usdoj.gov

And, I hereby certify that I have mailed by the United States Postal Service the document to the following non-CM/ECF participant(s).

1.

                                        /s/Judith M. Middleton
                                        Judith M. Middleton
                                        Federal Public Defender's Office
                                        28 E. Main Street, Suite 400
                                        Rochester, New York 14614

AO 72A
(Rev. 8/82)